EL PUEBLO, APELADO, *v.* ACHA, APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 506.—Resuelto en mayo 7, 1913.

MEDICINA—EJERCICIO DE LA MISMA—VENTA DEL APARATO OXYDONOR.—El simple anuncio y venta del aparato Oxydonor por una persona que no es médico no constituye por sí solo una infracción de la ley de marzo 12, 1903, regulando el ejercicio de la medicina.

ID.—EJERCICIO DE LA MISMA SIN LICENCIA—VENTA DEL APARATO OXYDONOR—ELEMENTOS DEL DELITO.—Para que el anuncio y venta del aparato Oxydonor por una persona que no es médico constituya una infracción de la ley de marzo 12, 1903, regulando el ejercicio de la medicina, es necesario que se prueben los siguientes elementos: que el acusado recomendó, prescribió u ordenó a cualquiera persona el aparato Oxydonor para la cura, alivio o mitigación de cualquier dolencia o enfermedad moral o física; y que lo hizo después de haber recibido, o con el propósito de recibir, directa o indirectamente, cualquier gratificación, dádiva o compensación.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogados del apelante: *Sres. López Landrón, Rincón y Francis.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La ley proveyendo para la organización de una junta de médicos examinadores, aprobada en 12 de marzo de 1903, obrante en la página 124 de los estatutos de ese año, dispone, que toda persona que deseare ejercer la medicina o cirugía, o cualquiera de sus ramos, o la obstetricia en esta Isla, deberá obtener de la junta que la ley crea, un certificado o licencia mediante ciertos requisitos. Y en la sección séptima se dispone, que para los efectos de la ley se considerará que ejerce la medicina, entre otros casos, la persona que recomendare, prescribiere u ordenare para el uso de cualquier persona, alguna droga, medicina, mecanismo, aparato u otro medio, fuere o nó material, para la cura, alivio o mitigación de cualquiera dolencia o enfermedad moral o física, o para la cura o alivio de cualquiera herida, fractura o daño corporal u otra enfermedad, después de haber recibido, o con el propósito de recibir por ello, directa o indirectamente, cualquiera gratificación, dádiva o compensación.

Por la infracción de ese estatuto, fué acusado el apelante Eduardo Acha ante la Corte de Distrito de San Juan, Sección 2ª., imputándole la acusación de que, entre los días de noviembre de 1911 a julio de 1912, ilegal y voluntariamente y sin estar autorizado por la ley para ejercer la medicina en esta isla, recomendó, prescribió y vendió un aparato llamado "Oxydonor" para la cura de enfermedades físicas, con el propósito de recibir por ello una compensación monetaria. Declarado culpable y sentenciado a pagar una multa de cien pesos, arresto por insolvencia y las costas, fué que interpuso el acusado la apelación que motiva el presente recurso.

Entre otras razones, funda el apelante su recurso en que la evidencia no demuestra la comisión del delito imputado, lo

que hace necesario que consideremos la evidencia aportada al juicio, durante el que aceptó el apelante que no es un médico.

El testigo Benito Recio declaró que es *detective* y que en el mes de junio fué donde el acusado para ver si vendía los aparatos llamados "Oxydonor" y si le nombraba agente de los mismos, contestándole Acha que no tenía inconveniente en ello—pero que tenía que comprarle cinco aparatos para empezar las ventas en las que le daría un tanto por ciento; que a sus preguntas le contestó el acusado que el aparato servía para curar todas las enfermedades, inclusa la peste bubónica y le entregó unos anuncios sobre las aplicaciones del aparato, sin que le cobrara nada por los consejos que le dió respecto al aparato.

José Labrador sólo declara respecto a la ocupación que como márshal hizo de algunos aparatos "Oxydonor."

Pedro Schira declara que conoce y usa el "Oxydonor," el que compró porque lo vió anunciado en un periódico y entonces fué donde el acusado quien le dió un catálogo por el que se enteró cómo se debía aplicar para las enfermedades; que aun cuando dijo a Acha que tenía una enfermedad, no le hizo éste ninguna indicación sobre el uso del aparato; no le prescribió, ordenó ni aconsejó que lo comprara ni le exigió compensación alguna, y le cobró $25 por el aparato.

Germán Díaz, es impresor y el Sr. Acha le pagó unos anuncios del "Oxydonor."

José Aldea es administrador del periódico "El Heraldo Español" en el cual, por orden del acusado, se publicaron unos anuncios del "Oxydonor."

Adalberto Díaz Mor compró un aparato "Oxydonor" al Sr. Acha y lo ha usado, sin que el acusado le hiciera indicación alguna al vendérselo, pero le dió un prospecto; que debido al buen resultado que le dió el aparato, escribió una carta dirigida a los dueños, la que mandó a Acha.

Ildefonso Abudo, vió anunciado el "Oxydonor" y lo encargó al Sr. Acha, pagándole los veinte y cinco pesos que decía el catálogo y, en vista de que el aparato lo puso bueno, escri-

bió una carta a la compañía como gratitud para que la
pudieran publicar y sin que se la pidieran.

Evaristo Freiría, vio anunciado el "Oxydonor" y compró
uno a Eduardo Acha.

Manuel Hernández dice que tiene un hijo que estuvo
enfermo por algún tiempo y falto ya de recursos fué donde
el Sr. Schira para que le prestara auxilios, quien le dijo fuera
donde Acha para que le prestara un aparato que le sería útil;
así lo hizo y no tuvo inconveniente alguno el Sr. Acha, pero
le dijo que no podía salir de su oficina; el declarante le rogó
que fuera con él a enseñarle cómo se aplicaba y entonces acce-
diendo el acusado fué y le aplicó el aparato llamado "Oxy-
donor"; a los cuatro o cinco días volvió Acha a preguntarle
cómo seguía el niño; que nada pagó al acusado pero en gra-
titud escribió una carta a la compañía, la que entregó a Acha
y como estaba incorrectamente escrita la corrigió; que
cuando Acha fué a su casa le entregó un catálogo.

Siendo esta la evidencia presentada por la acusación, a
más de algunas de las cartas de referencia y de anuncios
hechos en periódicos, no podemos llegar a la conclusión de
que sea suficiente para condenar al acusado. Toda ella, en
conjunto, lo único que demuestra es que el apelante anun-
ciaba y vendía los aparatos llamados "Oxydonor," pero no
que él lo recomendara, prescribiera u ordenara a alguna
persona, ni tampoco que haya recibido directa o indirecta-
mente alguna gratificación, dádiva o remuneración por la
prescripción del uso del aparato "Oxydonor" y sí solamente
el precio de él según catálogo. Es cierto que él aplicó dicho
aparato al hijo del testigo Bermúdez, pero aun en este caso,
ni lo prescribió ni recomendó, lo que hizo otra persona, ni
cobró nada por el aparato ni por su aplicación hecha a ruego
de dicho testigo.

En una acusación fundada en los hechos de la presente,
una vez probado que el apelante no es un médico autorizado
para ejercer la medicina en esta isla, lo que fué admitido,
era necesario que se probasen, además, dos requisitos, fal-

tando alguno de los cuales el delito no ha sido cometido, a saber: que por el acusado se recomendó, prescribió u ordenó a cualquiera persona el aparato "Oxydonor" para la cura, alivio o mitigación de cualquiera dolencia o enfermedad moral o física y además que tal cosa se hizo después de haber recibido o con el propósito de recibir directa o indirectamente cualquiera gratificación, dádiva o compensación.

El mero hecho probado de anunciar y vender el aparato "Oxydonor" no es constitutivo de delito, de acuerdo con esa ley; y con un estatuto análogo al nuestro, declaró la Corte de Sesiones especiales de la primera división de la ciudad de New York, en septiembre de 1909 en el caso de *El Pueblo* v. *Dr. H. Sanche & Co., Incorporated 1908,* que el anuncio y venta de dicho aparato "Oxydonor" no constituía delito alguno castigado en la ley reguladora del ejercicio de la medicina.

Si, pues, no se han probado, como hemos indicado, todos los elementos integrantes del delito de que se trata, el acusado no puede ser considerado como infractor de la ley a que nos hemos referido, siendo innecesario que discutamos las demás cuestiones propuestas por el apelante.

La sentencia debe ser revocada y absuelto el acusado.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.